CHARLES B. PLUMMER, administrator of the estate of

ABEL TRACY,

*vs.*

SIDNEY BOWIE and trustees.

Androscoggin.    Opinion December 15, 1884.

*Pleadings.    Declaration.    Rent.    R. S., c. 94, § 10.*

An omnibus count of general assumpsit is not vitiated by referring to an invalid count in the same writ for a bill of particulars.

A count which declares for the use and occupation of a "certain messuage and tenement of the plaintiff," without describing the premises, is good on demurrer.

A count upon an account annexed, thus, "For four months rent from December 15, 1883 to April 15, 1884, $25," is bad on demurrer.

ON EXCEPTIONS from the municipal court, Lewiston. Assumpsit. The writ was dated April 30, 1884. The exceptions were to the ruling of the judge in overruling the defendant's demurrer to the declaration.

The opinion states the material facts.

*Newell and Judkins,* for the plaintiff, cited: Stephen's Pl. (9th Am. ed.) 341, 269; 2 Chitty, Pl. (16th Am. ed.) 184, note G; *Walker* v. *Chase,* 53 Maine, 258; *Chase* v. *Bradley,* 26 Maine, 535; *Parker* v. *Thompson,* 3 Pick. 433; *Sturtevant* v. *Randall,* 53 Maine, 153; *Dorr* v. *McKenney,* 9 Allen, 361.

*C. Record,* for the defendant, cited: Gould, Pl. 30, 82, 153, c. 8, § 1; Chitty, Pl. (2d ed.) 171; *Currie* v. *Henry,* 2 Johns. 433.

PETERS, C. J. The three counts of the declaration are, severally, specially demurred to.

The second, an omnibus count of general assumpsit, is good; and it is not vitiated for referring to the first count for its bill of particulars. *Cape Elizabeth* v. *Lombard,* 70 Maine, 396;

*Whitwell* v. *Brigham*, 19 Pick. 117. Whether an amount due for rent can be proven under such a count, matters not here. The present is a question of pleading and not of evidence.

The third count declares for the use and occupation of "a certain other messuage and tenement of the plaintiff." The suit is brought by the plaintiff as an administrator. The defendant objects to this count for its generality, contending that a short description of the premises should be inserted in the declaration. The form is taken from Oliver's Precedents, and is approved in Chitty's Pleadings. It is drawn in general assumpsit. Although the usual practice is otherwise, it is not necessary to describe the premises or to state where they are situated. Lord ELLENBOROUGH in *King* v. *Frazer*, 6 East, 348, a leading authority upon the point, answers the objections to such brevity of pleading, and, among other things, says: "If this objection could prevail it would apply as well to counts for goods sold and delivered and for work and labor. The inconveniences alleged by defendant may be gotten rid of by calling for the particulars of the plaintiff's demand. If another action be brought, the defendant may by proper plea show that the plaintiff has before recovered the same rent for the same premises." In Lawes Pl. (ed. by Story, 1811, p. 493) it is said; "The plaintiff may, it seems, declare for the use and occupation of lands, tenements and hereditaments, generally, or of any particular lands, etc., describing them." *Thursby* v. *Plant*, 1 Saund. 238, note; Chitty, Pl. 17 Amer. ed. vol. 2, p. 184, notes.

The first count, upon an account annexed, presents more of a question. Our statutes (R. S., c. 94, § 10) allow sums due for rent to be recovered in assumpsit upon an account annexed, the account "specifying the items and amount claimed." Here the specification is, "To four months rent, from December 15, 1883 to April 15, 1884 — $25." The words, "messuage and tenement," contained in the third count, are omitted in this count. An accurate expression of the claim would be, "For use and occupation of messuage or tenement." The plaintiff contends that

the words, "For rent," are an equivalent expression, and that a claim for rent necessarily means a claim for the use and occupation of real estate. On the other hand, the defendant contends that the term no more implies the use of land than it does the use of personal property.

An answer to the plaintiff's argument is that the count does not indicate what kind of realty the rent has arisen from. Rent may come from two kinds of realty ; that is, from corporeal and from incorporeal property. There are many incorporeal properties that may yield a rent. The use of a way, of a pew, of play grounds are among them. Pasturage, agistment of cattle, boomage, wharfage, buoyage and moorage are other illustrations ; and there are many curious descriptions of incorporeal hereditaments in English history. Further, rents may issue out of tenements and personal property combined. For instance, from a dairy farm with the stock and utensils thereon. Bou. Law. Dic. Rent, and cases cited. And we know that it is a common occurrence to hire the use and occupation of furnished tenements. The term is also applied, in common parlance, to the use of personal property of a bulky nature. Mr. Chitty draws the distinction between a declaration for the use of a messuage and tenement and a declaration for the use of any property differing from and less than that, giving instances where the variation should be observed.

Brevity and conciseness are commendable in all written instruments. At the same time it is useless to vary from the usual and approved forms of pleading. As there may be rents issuing from different kinds of property, we incline to the opinion that the plaintiff's account-annexed falls short of the statutory requirement that the "items and amount claimed" be given.

The untenable point is advanced by the defendant that an administrator cannot maintain an action for rent of land. He may maintain the action in some cases. Rents accruing previous to an intestate's death, if a lessor, belong to his personal representative. There may be other instances where an administrator

may recover rents. *Stinson* v. *Stinson,* 38 Maine, 593 ;; Schoul. Executors, § 216, and cases cited.

*Demurrer to the first count sustained.*

WALTON, DANFORTH, VIRGIN, LIBBEY and EMERY, JJ., concurred.